| | |
|---|---|
| 1 | JOHN M. SORICH (CA Bar No.125223) |
| | jsorich@alvaradosmith.com |
| 2 | S. CHRISTOPHER YOO (CA Bar No. 169442) |
| | cyoo@alvaradosmith.com |
| 3 | CHRISTOPHER J. DONEWALD (CA Bar No. 255454) |
| | cdonewald@alvaradosmith.com |
| 4 | ALVARADOSMITH |
| | A Professional Corporation |
| 5 | 1 MacArthur Place, Suite 200 |
| | Santa Ana, California 92707 |
| 6 | Tel: (714) 852-6800 |
| | Fax: (714) 852-6899 |
| 7 | |
| 8 | Attorneys for Defendants, |
| | CHASE HOME FINANCE, LLC, U.S. BANK |
| | NATIONAL ASSOCIATION, AS TRUSTEE FOR BNC |
| 9 | MORTGAGE LOAN TRUST 2007-1, MORTGAGE |
| | PASS THROUGH CERTIFICATES, SERIES 2007-1; and |
| 10 | MORTGAGE ELECTRONIC REGISTRATION |
| | SYSTEMS, INC. |

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | | |
|---|---|---|
| 13 | In re | Case No.: 8:10-bk-27141-RK |
| 14 | MARY JANE DECKARD, | **Adversary Case No.:** 8:11-ap-01107-RK |
| 15 | Debtor. | (Chapter 13) |
| 16 | | JUDGE: Honorable Robert N. Kwan |
| 17 | Mary Jane Deckard, an Individual. | **SECURED CREDITOR'S OPPOSITION AND RESPONSE TO DEBTOR'S OBJECTION TO PROOF OF CLAIM FILED BY CHASE HOME FINANCE, LLC, CLAIM NO. 2** |
| 18 | Plaintiff, | |
| 19 | v. | |
| 20 | CHASE HOME FINANCE, LLC; U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR BNC MORTGAGE LOAN TRUST 2007-1, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2007-1; Lehman Brothers Holdings, Inc.; First American Loanstar Trustee Services LLC; Aurora Loan Services LLC; Structured Asset Securities Corporation; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.' and all persons claiming by, through, or under such person, all persons unknown, claiming any legal or equitableright, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title thereto;; and DOES 1–100, Inclusive; | Date: April 14, 2011<br>Time: 10:30 a.m.<br>Ctrm: 5D |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | Defendants | |

1
RESPONSE TO OBJECTION TO CLAIM

1186931.2

**TO THE HONORABLE ROBERT N. KWAN, UNITED STATES BANKRUPTCY JUDGE, PLAINTIFF AND HER ATTORNEYS OF RECORD, AND ALL INTERESTED PARTIES:**

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR BNC MORTGAGE LOAN TRUST 2007-1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1 ("US Bank, N.A., as Trustee") c/o CHASE HOME FINANCE LLC ("Chase") its assignees and/or successors in interest ("Secured Lender") submits the following in opposition to Debtor Mary Jane Deckard's ("Debtor") Objection to Proof of Claim filed by Chase Home Finance, LLC, Claim No. 2 as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STANDARD OF REVIEW

Under Federal *Rules of Bankruptcy Procedure* 3001(f), the filing of a proof of claim in bankruptcy constitutes prima facie evidence of the validity of the claim. *In re Global Western Development Corp.*, 759 F. 2d 724, 727 (9th Cir. 1985). In order to overcome the prima facie effect of the claim, the objecting party has the burden of ***introducing evidence*** which is sufficient to overcome the prima facie validity of a properly filed claim. *See In re Global, supra,* 759 F2d at 727. (Emphasis added). "The interposition of an objection does not deprive the poof of claim of presumptive validity unless the objection is supported by *substantial evidence*." *See Kahn v. Juniper Development Corp.*, 114 S.Ct. 303 (1993). (Emphasis in original).

Moreover, pursuant to *Local Rule* 3007-1(c), which governs Objections to Proofs of Claim filed in the United States Bankruptcy Court, Central District, an objection shall be accompanied by evidence establishing its factual allegations and demonstrating that the proof of claim should be disallowed. A mere assertion that the proof of claim is not valid is not sufficient to overcome the presumptive validity of the proof of claim. *See Kahn, supra.*

### II. THE OBJECTION TO CLAIM FAILS TO OVERCOME THE PRIMA FACIE EVIDENCE OF THE VALIDITY OF THE CLAIM

The Debtor's Objection to Proof of Claim Number 2 filed on February 15, 2011, merely states US Bank, N.A., as Trustee lacks standing to bring the proof of claim. However, Plaintiff

2
RESPONSE TO OBJECTION TO CLAIM

1186931.2

provides no competent evidence for why this must be so. Indeed, the only evidence Plaintiff proffers is a Pooling and Servicing Agreement ("PSA") through an improper Request for Judicial Notice,[1] which Plaintiff alleges was violated when MERS assigned the subject loan to US Bank, N.A., as Trustee in October 2009. *See* Pl.'s Obj., ¶ 6. However, Plaintiff does not state that she is a party to the PSA, nor does she provide admissible evidence or legal authority providing her with the right to rely on the PSA for any relief.[2] Simply put, Plaintiff fails to submit any relevant, admissible evidence to overcome the presumptive validity of the claim. As a result, this Court should overrule Debtor's Objection.

## III. DEBTOR'S OBJECTION FAILS TO COMPLY WITH LOCAL RULE 3007-1(c) AND FAILS TO MEET THE 9TH CIRCUIT'S STANDARD FOR OVERCOMING PRIMA FACIE VALIDITY OF A CLAIM

The Objection is devoid of any evidence to overcome the prima facie validity of Chase's claim as not only required by Local *Bankruptcy Rule* 3007-1(c), but as recognized by the Supreme Court in *Kahn v. Juniper Development Corporation, supra*, which held that an objection to the claim alone, unsupported by substantial evidence, as in this case, does not deprive the proof of claim of presumptive validity. On its face, the Objection must be denied for failing to provide any evidence to overcome the prima facie validity of the Proof of Claim.

## IV. CONCLUSION

WHEREFORE, US Bank, N.A., as Trustee respectfully requests that this Court enter an Order:

1. Overruling Debtor's Objection to the Proof of Claim;
2. Allowing the Proof of Claim in its entirety;

---

[1] US Bank, N.A., as Trustee, c/o Chase has filed a separate objection to Plaintiff's improper Request for Judicial Notice.

[2] Debtor's arguments concerning the Assignment and the parties' right to commence and conduct non-judicial foreclosure proceedings are fully briefed in US Bank, N.A., as Trustee, and Chase's concurrently filed Motion to Dismiss in Plaintiff's associated adversarial proceeding entitled *Deckard v. Chase Home Finance, LLC, et al.*, Adversary Proceeding Number 8:11-ap-01107-RK. In fact, Plaintiff includes a companion "Objection to Claim" in the adversary Complaint itself, US Bank, N.A., as Trustee, and Chase's Motion to Dismiss fully explains why Debtor's reliance on these theories fails as a matter of law. Thus, US Bank, N.A., as Trustee files this Response to Debtor's Objection to Proof of Claim in order to preserve its rights.

3. Awarding US Bank, N.A., as Trustee, c/o Chase Attorneys' Fees and Costs incurred in opposing the Objection; and

4. Granting such other relief as the Court deems just and proper.

DATED: March 31, 2011

ALVARADOSMITH
A Professional Corporation

By: /s/ Christopher J. Donewald
JOHN M. SORICH
S. CHRISTOPHER YOO
CHRISTOPHER J. DONEWALD
Attorneys for Defendants
CHASE HOME FINANCE, LLC, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR BNC MORTGAGE LOAN TRUST 2007-1, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2007-1; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

*In re Mary Jane Deckard*
*Mary Jane Deckard v. Chase Home Finance, LLC, et al.,*
8:10-bk-27141-RK
8:11-ap-01107-RK

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **AlvaradoSmith, 1 MacArthur Place, Santa Ana, CA 92707.**

On March 31, 2011, I served the foregoing document described as **SECURED CREDITOR'S OPPOSITION AND RESPONSE TO DEBTOR'S OBJECTION TO PROOF OF CLAIM FILED BY CHASE HOME FINANCE, LLC, CLAIM NO. 2** on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐ **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐ **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on March 31, 2011, at Santa Ana, California.

*/s/ Cynthia Rosas*
Cynthia Rosas

PROOF OF SERVICE

1187100.1

## SERVICE LIST

*In re Mary Jane Deckard*
*Mary Jane Deckard v. Chase Home Finance, LLC, et al.,*
8:10-bk-27141-RK
8:11-ap-01107-RK

| | |
|---|---|
| Mary Jane Deckard<br>24404 Alta Vista Drive, Unit 3<br>Dana Point, CA 92629 | **Debtor** |
| Gary L Harre, Esq.<br>Diane Beall, Esq.<br>Global Capital Law PC<br>17111 Beach Blvd Ste 100<br>Huntington Beach, CA 92647 | T: 714-907-4182<br>F: 714-907-4175<br><br>*ghcmecf@gmail.com*<br><br>**Attorney for Debtor** |
| Amrane (SA) Cohen (TR)<br>770 The City Dr So Ste #3300<br>Orange, CA 92868 | T: 714-621-0200<br>F: 714-621-0277<br><br>*efile@ch13ac.com*<br><br>**Trustee** |
| United States Trustee (SA)<br>411 W Fourth St., Suite 9041<br>Santa Ana, CA 92701-4593 | *ustpregion16.sa.ecf@usdoj.gov*<br><br>**United States Trustee** |

PROOF OF SERVICE

1187100.1